**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **SYLVESTER CUNNINGHAM,** | ) | |
| **# 11912-029,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 15-cv-260-MJR** |
| | ) | |
| **JAMES N. CROSS,** | ) | |
| **DR. DOUGLAS KRUSE,** | ) | |
| **MS. POLLMAN,** | ) | |
| **MARYBEL REEVES,** | ) | |
| **ELIZABETH MILLS,** | ) | |
| **BETTY ULMER,** | ) | |
| **TASHA JOHNSON,** | ) | |
| **and ASHLEY KNEBEL,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**REAGAN, Chief District Judge:**

Plaintiff, an inmate in the FCI-Greenville, brings this action seeking injunctive relief and damages for alleged violations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). He claims that Defendants have been deliberately indifferent to his serious medical condition.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. However, Plaintiff did not file a complaint herein – his initial (and only) pleading is entitled: "Emergency Motion Requesting Injunctive Relief Regarding Medical Treatment" (Doc. 1).

The Federal Rules of Civil Procedure provide that "[a] civil action is commenced by filing a complaint with the court." FED. R. CIV. P. 3. In other words, "the first step in the

action is the filing of the complaint." *Id.*, Advisory Committee Notes, 1937 Adoption. Nonetheless, if Plaintiff's document contains sufficient information to serve as a complaint and establish proper jurisdiction, the Court shall construe it as such. *See* FED. R. CIV. P. 8(a), (d)(1), & (e). "[I]t is incumbent on [the court] to take appropriate measures to permit the adjudication of pro se claims on the merits, rather than to order their dismissal on technical grounds. Indeed, it is the 'well-established duty of the trial court to ensure that the claims of a pro se litigant are given a fair and meaningful consideration.'" *Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996) (quoting *Palmer v. City of Decatur*, 814 F.2d 426, 428-29 (7th Cir. 1987)).

Plaintiff's motion invokes the Court's jurisdiction pursuant to *Bivens*, includes a section entitled "Complaint" that recites factual allegations supporting his constitutional claims, and spells out the relief he seeks. The Court shall therefore construe this document (Doc. 1) as Plaintiff's complaint, as well as a motion for injunctive relief.

## The Complaint (Doc. 1)

Plaintiff was charged in January 2012 with being a felon in possession of a firearm. He is now in Greenville serving the sentence that was imposed by the Northern District of Iowa for that offense. Long before this conviction, in 2006, Plaintiff was shot in the chest and suffered a paralyzing injury (Doc. 1, p. 2). He has been dependent on a wheelchair for mobility since then.

In 2009, he attempted suicide and was diagnosed with major depressive disorder, marijuana dependence, a history of conduct disorder, and probable antisocial personality disorder. *Id.* He was hospitalized and prescribed several medications to treat these conditions. He also requires a supply of catheters, suppositories, and adult diapers to manage his personal hygiene. Prior to his incarceration, he was receiving prescribed physical therapy three times per

week, and was using leg braces for exercise therapy (Doc. 1, pp. 3-4).

Plaintiff arrived at Greenville on November 6, 2013 (Doc. 1, p. 3).  He advised Defendants Pollman (medical administrator) and Kruse (physician) of his needs for continuing physical therapy ("PT").  Defendant Kruse indicated that Greenville, a "Care Level II" facility, did not provide such therapy, nor would Plaintiff be allowed to obtain PT services from an outside provider, but that a physical therapy consultation would be available.  Plaintiff asked for a transfer to a "Level III" prison where PT could be provided.  However, Defendant Pollman decided that she would not recommend either a medical transfer or a PT consultation for Plaintiff (Doc. 1, p. 4).  He has never received a PT consultation nor any physical therapy during his incarceration at Greenville.  He has "continued to address his medical concerns" with all the named medical Defendants as well as with Defendant Warden Cross.

In November 2013, Plaintiff told Defendant Mills (physician's assistant) that he was having muscle spasms, and explained to "the medical staff" that he was having chest and back pain from the gunshot wound area.  He asked Defendant Ulmer (nurse) to return his leg braces; this request was deferred to "the proper authority" (Doc. 1, pp. 4, 25).

On December 17, 2013, Plaintiff sought medical attention from Defendant Mills for a pressure wound on his right buttock, and complained that he was in extreme pain.  She recommended that he exercise; Plaintiff protested that his leg braces had not been returned to him.  She gave him some unspecified medication.  Plaintiff continues to suffer from this pressure sore caused by the wheelchair and lack of physical therapy (Doc. 1, p. 5).

Also on December 17, 2013, Plaintiff advised Defendant Mills that although he was on "multiple medications," they were not relieving his ongoing pain.  The only medication that helped him was Lyrica.  Defendant Mills did not give him any pain medication.  He again

requested different pain medication on March 21, 2014, and June 3, 2014, complaining that his old medication was not working.  His pain continues, which he attributes to the lack of physical therapy.

Plaintiff has renewed his request for a medical transfer to a facility where physical therapy would be available to alleviate his pain and pressure sore.  He asked for a transfer on the following dates in 2014:  January 8, March 21, June 3, September 18, and December 30. Defendants Kruse and Pollman have either continued to deny the medical transfer or have failed to respond (Doc. 1, pp. 5-6).

Plaintiff also made recent requests (September and December 2014) to Defendants Kruse and Pollman for a new set of leg braces, because the present ones were too stiff and causing bad muscle spasms (Doc. 1, p. 6).  He got no response.

Plaintiff asserts Eighth Amendment claims against all Defendants for deliberate indifference to his medical needs for physical and occupational therapy (Doc. 1, pp. 6-7).  He requests emergency injunctive relief to compel Defendants to either transfer him to a Care Level III facility or to provide him with physical and occupational therapy.  He claims that he is suffering irreparable harm (severe pain, ulcerations and bleeding) in the absence of such injunctive relief.  Further, he seeks compensatory and punitive damages.

## Merits Review Pursuant to 28 U.S.C. § 1915A

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Frivolousness is an objective standard that

refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.* At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Accepting Plaintiff's allegations as true at this stage of the litigation, the Court finds that Plaintiff has articulated a colorable federal cause of action for deliberate indifference to his medical needs against some of the Defendants. However, certain others shall be dismissed from the action for failure to state a claim upon which relief may be granted against them.

**<u>Eighth Amendment Claim for Deliberate Indifference to Serious Medical Needs</u>**

In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he (1) suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. An objectively serious condition includes an ailment that has been "diagnosed by a physician as

mandating treatment," one that significantly affects an individual's daily activities, or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). *See also Farmer v. Brennan*, 511 U.S. 825, 842 (1994).

The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Deliberate indifference may be inferred when a physician makes a treatment decision that falls far afield of accepted professional medical judgment. *Sain v. Wood*, 512 F.3d 886, 894-95 (7th Cir. 2009). The mere fact that a prescribed treatment has proven ineffective does not rise to the level of deliberate indifference. *Duckworth v. Ahmad*, 532 F.3d 675, 680 (7th Cir. 2008). Further, a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth*, 532 F.3d at 679.

In the instant case, Plaintiff's paralysis, ongoing pain, and long-term suffering from pressure sores constitute serious medical conditions which satisfy the objective component of an Eighth Amendment claim. The remaining question is whether Plaintiff's prison medical providers acted or failed to act with deliberate indifference to a known risk of serious harm.

Plaintiff maintains that his pressure sores and pain would be alleviated if he were given regular physical therapy, which has not been provided to him at Greenville. Defendant

Mills and another Greenville provider (RN Kelly, who is not a Defendant) recommended that Plaintiff exercise and get out of his wheelchair when possible in order to manage his condition (Doc. 1, pp. 5, 15). It appears that Plaintiff has been able to use leg braces for that purpose, but claims he has experienced muscle spasms with the set of braces he now has. According to the complaint, Defendants Kruse and/or Pollman must recommend either physical therapy or a medical transfer before Plaintiff would be considered for either option; the same appears to be true for replacement leg braces or other accommodations. Plaintiff alleges that their decisions denying him access to physical therapy have deprived him of relief from his pain and pressure wound. It cannot be determined at this juncture whether the denial of Plaintiff's requests rises to the level of deliberate indifference, or may be an appropriate response in light of available alternatives to meet Plaintiff's medical needs. Accordingly, Plaintiff's claims against Defendants Kruse and Pollman shall receive further review.

Plaintiff's allegations also support a deliberate indifference claim against Defendant Mills for failing to address his need for pain relief. He asserts that she did not give him any pain medication on December 17, 2013, and apparently did nothing on June 3, 2014, in response to his request for a different medication because the old one was not working. At this stage, Plaintiff may also proceed with his claim against Defendant Mills.

**Dismissal of Defendants Reeves, Ulmer, Johnson, and Knebel**

Plaintiff makes no factual allegations against any of these Defendants that suggest they responded with deliberate indifference to his medical concerns. His only mention of Defendant Ulmer is that he asked her to return his leg braces, and she refused to do so "until a decision was made by the proper authority" (Doc. 1, p.4). As such, it appears that she did not have the power to grant his request. Further, the complaint indicates that at some point, Plaintiff

was given his leg braces, because he states that they are too stiff and was causing muscle spasms.

Plaintiff's only mention of Defendant Johnson is that she advised him to "return to sick call on Monday" when he was reported on Saturday, April 26, 2014, to be suffering from a fever and chills (Doc. 1, p. 5). This allegation does not indicate that she was deliberately indifferent to any serious medical need, and certainly not to any of the conditions that form the basis for this action.

Plaintiff raises no allegations at all in reference to Defendants Reeves or Knebel, other than to say that he "addressed his medical concerns" with them and the other Defendants. Such a statement is too sketchy and insufficient to put these Defendants on notice of the claims Plaintiff may have against them. See *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

For these reasons, the deliberate indifference claims against Defendants Ulmer, Johnson, Reeves, and Knebel shall be dismissed without prejudice, and these Defendants shall be dismissed from the action.

**Defendant Cross**

Plaintiff does not allege that Defendant Cross was personally involved in any of his medical treatment or the denial of his requests. Indeed, he specifically names Defendant Cross in his official capacity only, with respect to his claim for injunctive relief. Thus, Defendant Warden Cross shall remain in the action in his official capacity only, for the purpose of implementing any injunctive relief to which Plaintiff may ultimately be entitled if he should prevail. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out).

**Pending Motion**

Plaintiff's motion for leave to proceed in forma pauperis ("IFP") (Doc. 2) shall be addressed in a separate order, following the receipt of Plaintiff's trust fund account statement, which is due no later than May 4, 2015 (Doc. 4).

The motion for emergency injunctive relief (Doc. 1) shall be referred to a United States Magistrate Judge, who shall resolve the request for injunctive relief as soon as practicable.

**Disposition**

Plaintiff's deliberate indifference claims against Defendants Reeves, Ulmer, Johnson, and Knebel are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.  Further, Defendants **REEVES, ULMER, JOHNSON,** and **KNEBEL** are **DISMISSED** from this action without prejudice.

The Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on Defendants **CROSS, KRUSE, POLLMAN,** and **MILLS**; the Clerk shall issue the completed summons.  The United States Marshal **SHALL** serve Defendants CROSS, KRUSE, POLLMAN, and MILLS pursuant to Rule 4(e) of the Federal Rules of Civil Procedure.[1]  All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.

---

[1]   Rule 4(e) provides, "an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or law to receive service of process."

In addition, pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the summons, the complaint, and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the complaint, and this Memorandum and Order.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings, which shall include a determination on the pending motion for emergency injunctive relief (Doc. 1).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even if his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 7, 2015**

s/ MICHAEL J. REAGAN
Chief Judge
United States District Court